UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTOR E. JOHNSON, SR.,

          Plaintiff,

    v.                                                                                            21-CV-606 (JLS) (JJM)

A. RODRIGUEZ, *et al.*,

          Defendants.
_____

**DECISION AND ORDER**

      Plaintiff Victor E. Johnson, Sr. ("Plaintiff") commenced this action *pro se* pursuant to 42 U.S.C. § 1983, for alleged civil rights violations arising from his incarceration at the Wyoming and Orleans Correctional Facilities. *See* Dkt. 1. After screening the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court concluded that Plaintiff plausibly alleged a serious medical need and directed the New York State Attorney General's Office ("OAG") to identify the John and Jane Doe Defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997); *see also* Dkt. 10, at 10–11. In response, the OAG identified two nurses, Defendants Green and Szabo. *See* Dkt. 19, ¶ 5. As a result, the Second Amended Complaint was deemed amended, to reflect the full names of these Defendants, in accordance with this Court's order on September 2, 2022. Dkt. 10, at 7–8, 11–12.

On November 1, 2023, Defendants filed a motion to partially dismiss the Second Amended Complaint—specifically, the deliberate indifference claim against Defendants Green and Szabo because Plaintiff failed to allege their personal involvement or to otherwise state a claim against them. Dkt. 33.

On February 20, 2024, Judge McCarthy[1] issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' motion to partially dismiss the Second Amended Complaint, except to the extent it seeks dismissal without leave to amend. Neither party filed objections, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

The Court carefully reviewed the R&R and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation. Thus, for the reasons stated above, and in the R&R, Defendants' motion to dismiss the Second Amended Complaint against Nurses Green and Szabo is GRANTED,

---

[1] This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 34.

with leave to amend.[2] This case is referred back to Judge McCarthy for further proceedings consistent with the referral order entered on November 2, 2023. Dkt. 34.

SO ORDERED.

Dated:   August 23, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Any Third Amended Complaint will completely supersede the Second Amended Complaint. For that reason, Plaintiff may wish to defer any amendment until the other Defendants have appeared and any additional pleading deficiencies, if any, are identified.

3